IN IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **BISHOP DAVID PAUL MOTEN,** | § § | |
| *Plaintiff,* | § § | |
| vs. | § § | Case No. |
| **DEF JAM RECORDINGS, UMG RECORDINGS, INC.,** **YE f/k/a KANYE WEST, and** **G.O.O.D. MUSIC** | § § § § § § | |
| *Defendants***.** | | |

### PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW**, Plaintiff BISHOP DAVID PAUL MOTEN ("BISHOP MOTEN" or "Plaintiff") and states its Complaint against Defendants YE f/k/a Kanye West ("West"), UMG Recordings, Inc. a/k/a Universal Music Group ("UMG Recordings"), Def Jam Recordings, a division of UMG Recordings, Inc. ("Def Jam"), and Getting Out Our Dreams, Inc. a/k/a G.O.O.D. Music ("G.O.O.D. Music") as follows:

### I.   THE PARTIES

1. Plaintiff Bishop David Paul Moten is a resident of Texas who does business in Dallas County, Texas.

2. Defendant West is a musician who writes, produces, and performs under the UMG

1

3.  Defendant UMG Recordings is a record company that owns the Def Jam Recordings music label and sublabel of Def Jam Recordings, G.O.O.D. Music.

4.  Defendant Def Jam Recordings is a music label founded in or around 1983. Def Jam Recordings is owned by and is a division of UMG Recordings.

5.  Defendant G.O.O.D. Music is a music label founded by West in or around 2004. G.O.O.D. Music is a sublabel of and is distributed by Def Jam Recordings.

## II. JURISDICTION AND VENUE

6.  The claims at issue in this case arise under § 106 of the Copyright Act (Title 17 of the United States Code).

7.  This Court has jurisdiction over the subject matter of this action pursuant to Section 1338(a) of Title 28 of the United States Code, which provides the federal district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents, plant variety protection, copyrights and trademarks. Such jurisdiction shall be exclusive of the courts of the states in patent, plant variety protection and copyright cases.

8.  The Court has personal jurisdiction over all the Defendants as they have purposefully availed themselves of doing business in Texas via internet sales and otherwise, including sales of the sound recording in question, of which all shared in the benefits, and because Defendants purposefully misappropriated Plaintiff's sound recording which was created in Texas and owned by a Texas resident.

9.  Venue is proper in this judicial district under both 28 U.S.C. § 1391(e)(1)(B)

because a substantial part of the events or omissions giving rise to the claims in the instant action occurred in this District.

### III.   FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

10. On or about August 29, 2021, West's album, *Donda,* was released. The album includes the sound recording "Come to Life", which was produced by West, Jeff Bhasker, Warryn Campbell, Mark Williams, and Raul Cubina.

11. The sound recording "Come to Life" contains repeated, unauthorized, unlicensed samples from the sound recording of a sermon delivered and owned by Plaintiff (the "Sermon").

12. The sound recording "Come to Life" includes the following repeated, unauthorized, unlicensed samples from the Sermon:

[Intro]

**My soul cries out, "Hallelujah"**
**And I thank God for saving me**
**I, I thank God**

[Chorus]

Here Go All Your Problems Again (I Thank God)
Three, Two, One, You're Pain (I Thank God)
Uncle Now He Back In The Pain (Hallelujah)
Auntie Shut Down Again
Did She Finally Come To Life?
(Thank You, Jesus)
Ever Wish You Had Another Life?
Ever Wish You Had Another Life?
Ever Wish You Had Another Life?

[Verse 1]

Don't You Wish The Night Would Go Numb?
I've Been Feeling Low For So Long
I Ain't Had A High In So Long
I Been In The Dark For So Long

3

Night Is Always Darkest Before The Dawn
Not Dance My Marked Over She Gone
I Don't Wanna Die Alone
I Don't Wanna Die Alone
I Get Mad When She Gone
Mad When She Home
Sad When She Gone
Mad When She Home
Sad When She Gone
(Loosen Right Now
The Spirit That Wants To Run)
Floating On A Silver Lining (In The Name Of Jesus)
Yeah! You Know Where To Find Me, Riding On A Silver Lining
And My God Won't Deny Me, Tell The Devil, Get Behind Me
All The Stars Are Aligned, Lift Me Up Every Time
You Know Exactly Where To Find Me

[Interlude]

**<u>Hallelujah (Thank You, Jesus)</u>**
**<u>Hallelujah (Yes)</u>**
**<u>Hallelujah...</u>**



[Pre-Chorus]

Did Those Ideas Ever Really Come To Life?
Make It All Come To Life
Make It All Come To Life
Praying For A Change In Your Life
Well, Maybe It's Gone Come Tonight

[Chorus]

Sadness Setting In Again
Three, Two, One, You're Pain
Uncle Right Back In The Pain
Tell Me How Auntie Been
Took Your Thoughts And Penciled Them In
Should've Wrote Them Down In Pain
And Maybe They'll Come To Life
And Maybe They'll Come To Life
Sadness Setting In Again
Three, Two, One, You're Pain
Uncle Right Back To The Pain
Tell Me How Auntie Been
Thoughts, You Had Penciled Them In
Probably Should've Wrote Them In Pain

4

And Maybe They'll Come To Life
They Could Finally Come To Life
They Could Finally Come To Life

[Verse 2]

You Know Where To Find Me, They Cannot Define Me
So They Crucify Me, How So Fazed When I Leave?
Come And Purify Me, Come And Sanctify Me
You The Air That I Breathe, The Ultra-Ultralight Beam
Brought A Gift To Northie, All She Want Was Nikes
This Is Not About Me, God Is Still Alive
So I'm Free
Floating On A Silver Lining
Floating On A Silver Lining
So When I'm Free, I'm Free...

13. "Come to Life" is approximately five minutes and ten seconds (5:10) in length. Approximately one minute and ten seconds (1:10) of this sound recording is sampled directly from Plaintiff's sermon and appears to run on a loop underscoring the pre-chorus and chorus throughout the song in question. Consequently, no twenty percent (20%) of the entire sound recording "Come to Life" is comprised of unauthorized, unlicensed samples of the Sermon.

14. Defendants willfully and without the permission or consent of Plaintiff extensively sampled portions of the Sermon. Over the span of several years, Defendants have demonstrated an alarming pattern and practice of willfully and egregiously sampling sound recordings of others without consent or permission.

**COUNT I – VIOLATION OF U.S. COPYRIGHT ACT (17 U.S.C. §§ 101, *et seq*.)**

15. Plaintiff incorporates by reference the allegations previously stated in the Complaint in their entirety.

16. Plaintiff has exclusive rights, title and license to the Sermon, as well as the sole right and license to reproduce, distribute, record or authorize the recording of sounds related to the sound recording of the Sermon.

17. Defendants knowingly transferred or caused to be transferred, directly or indirectly, the sounds recorded and owned by Plaintiff when Defendants wrongfully and without a license or permission sampled from this sound recording in "Come to Life".

18. Defendants knowingly produced, manufactured, distributed, and sold the sound recording of "Come to Life" with knowledge that the recording contained unauthorized samples of the Sermon.

19. Defendants' wrongful actions have caused Plaintiff substantial damages.

20. The conduct of Defendants was wanton, reckless, and/or malicious to Plaintiff so as to allow the imposition of punitive damages under applicable law.

21. Based on the foregoing, Plaintiff demands judgment against Defendants for disgorgement of profits, compensatory, consequential, incidental, and punitive damages in an amount to be determined by the trier of fact in this case, plus statutory fines, costs, interest and expenses.

## COUNT II – UNJUST ENRICHMENT/QUANTUM MERUIT

22. Plaintiff incorporates by reference the allegations previously stated in the Complaint in their entirety.

23. In a violation of statutory and common law, Defendants have wrongfully used and exploited Plaintiff's sound recording, production, and other property rights and unjustly reaped

tremendous financial and other benefits in violation of Plaintiff's legal rights and under circumstances where Defendants have been unjustly enriched by wrongfully deriving profit and other benefits from their wrongful conduct.

24. Defendants have seen a considerable influx of ill-gotten financial gains and other benefits as a direct consequence of their wrongful use of Plaintiff's sound recording and production, and other violations of Plaintiff's rights. Consequently, Defendants therefore hold money which in equity and good conscience belongs to the Plaintiff. Plaintiff has also suffered substantial damages because of Defendants' wrongful acts and omissions.

25. Based on the foregoing, Plaintiff requests an award of the disgorgedprofits of the Defendants, compensatory, consequential and incidental damages in an amount to bedetermined by the trier of fact, plus costs, interest and expenses.

## COUNT III – CONVERSION

26. Plaintiff incorporates by reference the allegations previously stated in the Complaint in their entirety.

27. Defendants wrongfully deprived and interfered with rights, interests, and property of Plaintiff by sampling portions of the sound recording and using Plaintiff's production of the Sermon, selling and distributing or allowing the distribution of these samples, and retaining the profits and monies derived from the sale of albums containing the sound recording "Come to Life."

28. The conduct of Defendants was wanton, reckless, and/or malicious to Plaintiff so as to allow the imposition of punitive damages under applicable law.

29. Based on the foregoing, Plaintiff hereby demands judgment against Defendants for disgorgement of profits, compensatory, consequential, incidental, and punitive damages in an amount to be determined by the trier of fact in this case, plus costs, interest and expenses.

30. Plaintiff incorporates by reference the allegations previously stated in the Complaint in their entirety.

31. The Plaintiff has common law copyrights in the sound recording and the production thereof referenced above. The Defendants violated said rights by the unauthorized use and copying of Plaintiff's sound recording and production, causing injury to the Plaintiff.

32. The conduct of Defendants was wanton, reckless, and/or malicious to Plaintiff so as to allow the imposition of punitive damages under applicable law.

33. Based on the foregoing, Plaintiff demands judgment against Defendants for disgorgement of profits, compensatory, consequential, incidental, and punitive damages in an amount to be determined by the trier of fact in this case, plus costs, interest and expenses.

## JURY DEMAND

34. Plaintiff demands a trial by jury on all allegations, claims, and requests for relief asserted herein or that may be asserted in any subsequent amendment hereto.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that Defendants be cited to appear and answer and that upon trial of this cause Plaintiff recovers all relief requested herein, including all actual, direct, indirect, incidental, and consequential damages, along with attorney's fees, costs, and pre- and post-judgment interest at the highest rate allowable by law, and for such other and further relief, both at law and in equity, to which Plaintiff may be justly entitled.

**DATED: April 18, 2022.**

Respectfully submitted,

SMITH & SMITH LAW GROUP, PLLC
2828 Market Loop, Suite 100
Southlake, Texas 76092

By: */s/ Brandon Smith*
 Brandon   Smith
 SBN:24075919
 bsmith@smithdallaslaw.com
 Attorney for Plaintiff

PLEASE SERVE DEFENDANTS BY CERTIFIED MAIL:

Kanye West
c/o Def Jam Records, Inc.
CT Corporation System
1755 Broadway
New York, NY 10019


UMG Recordings, Inc. a/k/a Universal Music GroupCT
Corporation System
111 8th Ave., 13 Floor
New York, NY 10011

Def Jam Recordings, a division of UMG Recordings, Inc.
CT Corporation System
1755 Broadway
New York, NY 10019

G.O.O.D. Music
Maximilian Jo
6 Centerpointe Drive, Suite 620
La Palma, CA 90623